UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL BATEMAN,

                Plaintiff,

    v.

JASON HAWK, et al.,,

                Defendants.

CASE NO. 2:24-CV-125-LK-DWC

ORDER DECLING SERVICE OF §1983 COMPLAINT

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Daniel Bateman, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983.Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by March 29, 2024, to cure the deficiencies identified herein.

**I.    Background**

In the Complaint, Plaintiff, an incarcerated individual housed at the Washington Corrections Center, alleges Defendant Jason Hawk, the Chief of the Newcastle Police

1  Department, arrested Plaintiff without a reason. Dkt. 1-1. He also alleges Defendants – police

2  officers and doctors -- failed to provide him with proper medical care after his arrest. *Id*.

3      **II.**    **Discussion**

4      Under the Prison Litigation Reform Act of 1995, the Court is required to screen

5  complaints brought by prisoners seeking relief against a governmental entity or officer or

6  employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

7  complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

8  state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

9  who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

10  152 F.3d 1193 (9th Cir. 1998).

11      Plaintiff's proposed complaint suffers from deficiencies that require dismissal if not

12  corrected in an amended complaint.

13      A.  <u>Improper Defendants</u>

14      *John Doe, M.D. and Overlake Hospital Medical Center*. Plaintiff alleges Defendants

15  John Doe, M.D. and the Overlake Hospital Medical Center violated his constitutional rights

16  when they falsely reported Plaintiff was diagnosed and treated for a Fentanyl overdose. Dkt. 1-1

17  at 9-10. Plaintiff has not sufficiently alleged facts to show that Defendant Doe and the Overlake

18  Hospital were acting under state law for purposes of §1983 liability. *See Yesilevsky v. Redmond*,

19  2020 WL 4370957 (C.D. Cal. April 1, 2020) (discussing and determining a hospital and its

20  employees were not state actors). As Plaintiff has not alleged facts sufficient to show Defendants

21  Doe and Overlake Hospital were acting under color of state law, he has failed to state a claim

22  upon which relief can be granted as to these two defendants. *See Jones v. Community*

23

24

ORDER DECLING SERVICE OF §1983
COMPLAINT - 2

1 *Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations
2 unsupported by facts are not sufficient to state section 1983 claims).
3     *Newcastle Police Department*. Plaintiff also named the Newcastle Police Department as a
4 defendant. Dkt. 1-1. The Newcastle Police Department is not a legal entity capable of being sued
5 under § 1983. *See Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008)
6 (holding Seattle Police Department is not a legal entity capable of being sued under § 1983).
7 Rather, the City of Newcastle, a municipality, is the proper defendant. *See Monell v. New York*
8 *City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Wright*
9 *v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016).
10     B.  <u>*Monell* Liability</u>
11     Plaintiff names the City of Newcastle as a Defendant. Dkt. 1-1. Specifically, Plaintiff
12 contends Defendant Hawk's comments that Plaintiff was a "tweeker" on the broadcast radio
13 reveals the discriminatory nature of the police officers and the City of Newcastle. *Id*. at 6-7. To
14 set forth a claim against a municipality, a plaintiff must show the defendant's employees or
15 agents acted through an official custom, pattern, or policy permitting deliberate indifference to,
16 or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-
17 91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a
18 policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and
19 (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954
20 F.3d 1470, 1474 (9th Cir. 1992).
21     Plaintiff has not alleged facts showing the City of Newcastle is liable under § 1983. *See*
22 Dkt. 1-1. He does not allege the City of Newcastle has a policy that amounts to deliberate
23 indifference to his constitutional rights and that any such policy was the moving force behind
24

ORDER DECLING SERVICE OF §1983
COMPLAINT - 3

any alleged wrong-doing. Therefore, Plaintiff has not stated a claim upon which relief can be granted against the City of Newcastle.

C. <u>Personal Participation</u>

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the Complaint, Plaintiff alleges Defendants Jason Hawk and Robert Melvin, Newcastle police officers, violated Plaintiff's rights. Dkt. 1-1. Plaintiff has not alleged any wrong-doing by Defendant Melvin. Therefore, he has not stated a claim against Defendant Melvin. Plaintiff states Defendant Hawk identified Plaintiff as a "tweeker" and stated that he had nothing on Plaintiff

but was "going to pull [Plaintiff] over anyway." Plaintiff has not provided sufficient allegations to show if he was in fact "pulled over" or if he was arrested as a result of the interaction with the police officers. It is possible any claims against Defendant Hawk, or other police officers, are barred if Plaintiff was arrested and convicted as a result of being "pulled over" by Defendant Hawk. *See Heck v. Humphrey*, 512 U.S 477 (1994). Based on the allegations in the Complaint, the Court finds Plaintiff has not provided sufficient facts to state a claim upon which relief can be granted.

To the extent Plaintiff is seeking relief against other police officers that were present during his arrest, to proceed on claims against the police officers he must specifically name those officers and explain how they violated his constitutional rights.

### III. Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint. Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any amended complaint must clearly identify each intended Defendant, the constitutional claim(s) asserted against each Defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately respond to the issues raised herein on or before March 29, 2024, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff a copy of this Order and the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 1st day of March, 2024.

*David W. Christel*
United States Magistrate Judge